IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
**FILED**
DEC 0 6 2021

UNITED STATES OF AMERICA ) 

v. ) No. 4:19CR00671 BRW 

JOHN RONALD ORD )

IN OPEN COURT
TAMMY H. DOWNS
By: _____
DEPUTY CLERK

## PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Jonathan D. Ross, by

and through Kristin Bryant, Assistant United States Attorney, and John Ronald Ord, defendant,

represented by the undersigned counsel, hereby agree to the following terms and conditions in

connection with the above referenced proceedings.

1.      **GUILTY PLEA:**  The defendant will enter a plea of guilty to production of

child pornography, a violation of Title 18, United States Code, Section 2251(a), as set forth in

Count Five of the Superseding Indictment.   The United States agrees to move for dismissal of

the remaining counts against the defendant in this matter upon acceptance of the guilty plea.

This is a Federal Rule of Criminal Procedure 11(c)(1)(A) plea agreement.

2.      **ELEMENTS OF THE CRIME:**  The parties agree the elements of the offense

to which the defendant will plead guilty are:

(1)      at the time, the minor was under the age of 18 years old;

(2)      the defendant knowingly caused the minor to engage in sexually explicit conduct;

(3)      the defendant acted with the purpose of producing a visual depiction of such
conduct; and

(4)      the visual depiction was actually transported or transmitted using any means or
facility of interstate or foreign commerce.

The defendant agrees that he is guilty of the offense charged and each of these elements

is true.

1

3.    **PENALTIES:**

A.    <u>STATUTORY PENALTIES</u>:   The maximum penalty for the charge set forth in Count Five is not less than 15 years imprisonment to not more than 30 years imprisonment, not less than 5 years to life of supervised release, a $250,000 fine, and a $100 special assessment.   Defendant also understands that unless the Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed pursuant to the Justice for Victims of Trafficking Act of 2015.

B.    <u>SUPERVISED RELEASE</u>:   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.   Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4.    **WAIVERS**:   The defendant acknowledges that he has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.   The defendant further understands that by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:

A.    The right to appeal or collaterally attack, to the full extent of the law, all non-jurisdictional issues, including any forfeiture or restitution order, as follows:

(1)    the defendant waives the right to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the

factual basis for the plea, including the sentence imposed or any issues that relate to the establishment of the Guideline range, except that the defendant reserves the right to appeal claims of prosecutorial misconduct and the defendant reserves the right to appeal the sentence if the defendant makes a contemporaneous objection because the sentence imposed is above the Guideline range that is established at sentencing;

(2)     the defendant expressly acknowledges and agrees that the United States reserves its right to appeal the defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

(3)     the defendant waives all rights to collaterally attack the conviction and sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

(4)     the defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

(5)     the defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and,

(6)     the defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

B.     The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

C.     The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

D.     The right to confront and cross examine witnesses;

E.      The right to testify in his own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant;

F.      The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

G.      Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), the defendant understands that upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

5.      **STIPULATIONS:**   The United States and the defendant stipulate to the following:

A.      The parties agree that the base offense level is 32 pursuant to U.S.S.G. § 2G2.1(a).

B.      The parties agree to the following specific offense characteristics:

i.      An additional two levels because the offense involved a minor who had not attained the age of 16 pursuant to § 2G2.1(b)(1)(B); and

iv.     An additional two levels because the offense involved the use of a computer pursuant to § 2G2.1(b)(6).

C.      The defendant is eligible for a two-level reduction for acceptance of responsibility unless the defendant takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility.   If the offense level is 16 or greater, the determination of whether the defendant is eligible for a third level reduction for acceptance of responsibility will be made by the United States at the time of sentencing.

4

E.     The parties stipulate that no other enhancements or reductions under Chapter 2 or Chapter 5 of the Guidelines apply, other than those specifically set out in this agreement and its addendum.

F.     The defendant specifically waives any and all challenges to the searches, seizures, arrests, statements, and forfeitures that have taken place as of the date of the execution of this plea agreement by the defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought.   Defendant will assist in executing any requested waiver of challenge and relinquishment of rights to any and all assets that have been seized to date in this investigation by any participating agency or department, in any forum where the forfeiture may be sought.

The parties understand that the Court is not bound by these stipulations.   The defendant further understands that if the Court does not accept this Plea Agreement, the defendant is not entitled to withdraw the guilty plea or otherwise be released from defendant's obligations under this Agreement and Addendum.

6.     **SEX OFFENDER REGISTRATION**:   Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act (SORNA), a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student.   Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information.   Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or

student status.   Defendant has been advised, and understands, that failure to comply with these

obligations subjects him to prosecution for failure to register under federal law, Title 18, United

States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

7.   **SENTENCING GUIDELINES:**   It is specifically understood by the defendant

that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to

consult them in determining the appropriate sentence. The defendant understands that the

determination of the applicability of the Guidelines and of the appropriate sentence will be made

by the Court.   The defendant is aware that any estimate of the probable sentencing range under

the Sentencing Guidelines that the defendant may have received from the defendant's counsel,

the United States, or the Probation Office, is merely a prediction, not a promise, and is not

binding on the United States, the Probation Office, or the Court.   The United States makes no

promise or representation concerning what sentence the defendant will receive and the defendant

cannot withdraw a guilty plea, or otherwise avoid the defendant's obligations under this

Agreement and Addendum, based upon the actual sentence imposed by the Court.   The parties

understand and agree that if the guideline range is greater or less than the defendant or the United

States expected it to be, and/or the sentence imposed by the Court is greater or lesser than

anticipated, neither the defendant nor the United States will be allowed to withdraw, nor request

withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and

Addendum.

8.   **ALLOCUTION:**   The United States reserves the right to bring any and all facts

which it believes are appropriate to the attention of the Court.

9.      **COOPERATION IN THE SENTENCING PROCESS**:

A.      The defendant agrees to truthfully provide all information to the Probation
Office as is needed for preparation of the pre-sentence report, including, but not limited to,
criminal history information.    The defendant shall voluntarily provide a complete and truthful
written accounting of the defendant's criminal history to the Probation Office.

B.      The defendant agrees to execute all waivers necessary for the preparation
of the pre-sentence report.

C.      The defendant understands and acknowledges that the defendant's
obligation of disclosure regarding criminal history is not limited to arrests and convictions
reported in computer databases, but requires the defendant to disclose all arrests and/or
convictions, including any juvenile matters, regardless of whether the defendant believes the
arrest/conviction counts under the Sentencing Guidelines.

D.      The defendant is required to comply with these obligations no later than
the expiration of the date on which objections to the pre-sentence report are due.

10.     **FINANCIAL MATTERS**:

A.      FINANCIAL STATEMENT:   The defendant agrees to fully and
truthfully complete a Financial Statement provided by the United States Probation Office.

B.      FINES:   The defendant understands that unless the Court determines that
the defendant is financially unable to pay a fine, the Court must impose a fine pursuant to the
Sentencing Reform Act of 1984.

C.      SPECIAL PENALTY ASSESSMENT:   The defendant agrees to pay to
the United States a special assessment of $100.00 per count, as required by Title 18, United
States Code, Section 3013.   This special assessment is to be paid by bank cashier's check or

money order as directed by the Court.   Cashier's checks or money orders should be made

payable to "Clerk, United States District Court."

    D. <u>RESTITUTION</u>:   Defendant acknowledges that pursuant to 18 U.S.C.

§ 2259(a), the Court is required to order restitution for the full amount of the victims'

compensable losses as defined at 18 U.S.C. § 2259(b)(3) and (c) as may be proved by the United

States or stipulated to by the parties.   Defendant acknowledges that the Court may not decline to

award restitution because of the defendant's economic circumstances or the fact that the victims

have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or

any other source.   Pursuant to 18 U.S.C. § 2259, Defendant agrees to the entry of a Restitution

Order for the full amount of the victims' losses.

    Defendant understands that an unanticipated amount of a restitution order will not serve

as grounds to withdraw defendant's guilty plea.   Defendant further agrees to grant the United

States a wage assignment, liquidate assets, or complete any other tasks which will result in

immediate payment in full, or payment in the shortest time in which full payment can be

reasonably made as required under 18 U.S.C. § 3572(d).

    Defendant also understands that unless the Court finds the defendant to be indigent, an

additional mandatory special assessment of $5,000 will be imposed pursuant to the Justice for

Victims of Trafficking Act of 2015.

    E. <u>FINANCIAL INFORMATION</u>:   The defendant agrees to fully disclose

all assets in which he has any interest or over which the defendant exercises control, directly or

indirectly, including those held by a spouse, nominee or third party.   The defendant agrees to

truthfully complete the financial statement form provided by the United States Attorney's Office

for the Eastern District of Arkansas by the date of defendant's entry of a guilty plea, sign it under

penalty of perjury, and provide it to the United States Attorney's Office for the Eastern District

of Arkansas.   The defendant agrees to provide updates with any material changes in

circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within

seven days of the event giving rise to the changed circumstances.   Prior to sentencing, the

defendant agrees to notify the Assistant United States Attorney and the Financial Litigation Unit

of the United States Attorney's Office for the Eastern District of Arkansas before the defendant

transfers any interest in property with a value exceeding $1,000 owned directly or indirectly,

individually or jointly, by the defendant, including any interest held or owned under any name,

including trusts, partnerships, and corporations.   The defendant expressly authorizes the United

States Attorney's Office to obtain a credit report on him.   The defendant agrees to provide

waivers, consents or releases requested by the United States Attorney's Office to access records

to verify the defendant's financial information.   The defendant also authorizes the United States

Attorney's Office to inspect and copy all financial documents and information held by the United

States Probation Office.

     11.    **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**:   The United

States Attorney for the Eastern District of Arkansas will bring no further charges against the

defendant for any acts or conduct arising out of the events described in the Indictment which is

the subject of this action, unless the defendant breaches this Agreement and Addendum.

     12.    **ASSET FORFEITURE AND FINANCIAL ACCOUNTABILITY**:

        A.    Defendant agrees to forfeit all interests in all property that (1) was used to

commit and to promote the commission of the offenses charged in the Indictment, (2) facilitated

the offenses, and/or (3) the proceeds of the offenses charged in the Indictment.

        B.    Defendant agrees to hold the United States, its agents and employees

harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement. Defendant further agrees that forfeiture of assets described above shall not be counted towards satisfaction of any special assessment, fine, restitution, or any other penalty the court may impose.

C.      Defendant agrees not to assist any other individual in contesting the forfeiture of the assets described above and agrees that there was reasonable cause to seize those items. Defendant also agrees to prevent the disbursement of any and all assets described above if the disbursements are within Defendant's direct or indirect control.

D.      Further, Defendant hereby withdraws all previously filed claims to, waives all interest in, and consents to the forfeiture of the above-described assets. The United States has the discretion to determine whether the forfeiture will be accomplished through an administrative or judicial proceeding, which includes any criminal, civil, state, or federal action. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, under Rule 11(b)(1)(J), at the time his guilty plea is accepted. Defendant waives any right he may have to: (1) receive notice of any non-judicial forfeiture proceeding within the time frames provided in Title 18, United States Code, Section 983, and (2) have the property returned to him if notice is not sent within those prescribed time frames.

E.      Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried

out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, including, but not limited to, the execution of the Consent Decree of Forfeiture and the completion of any other legal documents required for the transfer of title to the United States.

13.     **RECORDS:**   The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

14.     **CIVIL CLAIMS BY THE GOVERNMENT:**   Except to the extent otherwise expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters.

15.     **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT AND ADDENDUM**:

A.     Defendant acknowledges and understands that if the defendant violates any term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

(1)     terminate this Agreement and Addendum; or

(2)     proceed with this Agreement and Addendum and

(a)      deny any and all benefits to which the defendant would

otherwise be entitled under the terms of this Agreement and Addendum; and/or

(b)      advocate for any sentencing enhancement that may be

appropriate.

B.      In the event the United States elects to terminate this Agreement and

Addendum, the United States shall be released from any and all obligations hereunder.   The

defendant acknowledges and understands that the agreement of the United States to dismiss any

charge is conditioned upon final resolution of this matter.   If this Agreement and Addendum is

terminated or if the defendant's conviction ultimately is overturned, then the United States retains

the right to reinstate any and all dismissed charges and to file any and all charges which were not

filed because of this Agreement and Addendum.

C.      The defendant hereby knowingly and voluntarily waives any defense

based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges

reinstated or otherwise filed against the defendant as a result of defendant's breach of this

Agreement and Addendum, so long as the United States initiates any otherwise time barred

action within one year of termination or revocation of this Agreement and Addendum.

D.      In the event that the Agreement and Addendum is terminated or if the

defendant successfully moves to withdraw his plea, any statement made by the defendant in

negotiation of, or in reliance on this Agreement and Addendum, including this Agreement, the

stipulations in paragraph 5 of this Agreement, and the plea colloquy, but excepting statements

made pursuant to any proffer agreement entered into between the parties:

(1)      may be used in the United States' case in chief and to cross

examine the defendant should he testify in any subsequent proceeding; and/or

(2)      any leads derived therefrom may be used by the United States.
The defendant waives any and all rights to the contrary and shall assert no claim under the
United States Constitution, any statute, or any rule of procedure or evidence to the contrary,
including Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f).
Defendant has been advised of his rights pursuant to Federal Rule of Evidence 410 and Federal
Rule of Criminal Procedure 11(f) and waives these rights.

16.    **PARTIES:**   This Agreement and Addendum is binding only upon the United
States Attorney's Office for the Eastern District of Arkansas and the defendant.   It does not bind
any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other
federal, state or local prosecuting, administrative, or regulatory authority.

17.    **MISCELLANEOUS:**

A.    MODIFICATION:   No term or provision contained herein may be
modified, amended or waived except by express written agreement signed by the party to be
bound thereby.

B.    HEADINGS AND CAPTIONS:   Subject headings and captions are
included herein for convenience purposes only and shall not affect the interpretation of this
Agreement and Addendum.

C.    WAIVER:   No waiver of a breach of any term or provision of this
Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or
limit or restrict any other right or remedy otherwise available.   Any waiver must be expressly
stated in writing signed by the party to be bound thereby.

D.    RIGHTS AND REMEDIES CUMULATIVE:   The rights and remedies of
the United States expressed herein upon any breach hereunder by the defendant are cumulative

and not exclusive of any rights and remedies otherwise available to the United States in the event

of any breach of this Agreement and Addendum by defendant.

      E.    JOINT NEGOTIATION:  This Agreement and Addendum has been

mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall

not be interpreted against any party by reason of its drafting of this Agreement and Addendum,

but instead shall be interpreted according to the application of the general rules of interpretation

for arms length agreements.

    18.  **NO OTHER TERMS:**  This document and the Addendum completely reflect all

promises, agreements and conditions made between the parties, constitute the entire agreement

between the parties and supersedes any and all prior agreements or understandings between the

parties, oral or written, with respect to the subject matter hereof.

    19.  **APPROVALS AND SIGNATURES**:

      A.    DEFENDANT:  The defendant has read this Agreement and Addendum

and carefully reviewed every part of it with his attorney.   The defendant understands and

voluntarily agrees to the terms and condition of this Agreement and Addendum.   Further, the

defendant has consulted with his attorney and fully understands his rights with respect to the

provisions of the United States Sentencing Guidelines which may apply to this case.   No other

promises or inducements have been made to the defendant, other than those expressly contained

in this Agreement and Addendum.   In addition, no one has threatened or forced the defendant in

any way to enter into this Agreement and Addendum.   Defendant further acknowledges that

defendant has entered into this Agreement and Addendum, consciously and deliberately, by

defendant's free choice, and without duress, undue influence or otherwise being forced or

compelled to do so, and this Agreement and Addendum constitutes the legal, valid and binding

obligation of the defendant, fully enforceable against defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of his attorney in this case.

B.    <u>DEFENSE COUNSEL</u>:   Defense counsel acknowledges that he is the attorney for the defendant, and that he has fully and carefully discussed every part of this Agreement and Addendum with the defendant.   Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum.   To counsel's knowledge, the defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

DATED this <u>6th</u> day of December, 2021.

JONATHAN D. ROSS
United States Attorney

By: Kristin H. Bryant
Assistant United States Attorney
Post Office Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
Kristin.Bryant@usdoj.gov

John Ronald Ord
Defendant

Paul Petty
Attorney for Defendant

15